Southern Ind., etc., Electric Co. *v.* Harrison—85 Ind. App. 350.

that said hernia *and* strangulation were not the result of an accident on that date, which would be a correct finding if either the hernia or the strangulation was not caused by said accident. A strangulation resulting from an accident which was so serious as to require a surgical operation to reduce it certainly is such an injury as should come within the scope of compensation law. The case of *Puritan Bed Spring Co.* v. *Wolfe* (1918), 68 Ind. App. 330, 120 N. E. 417, is closely in point on the question here involved.

Award reversed.

---

SOUTHERN INDIANA GAS AND ELECTRIC COMPANY
*v.* HARRISON.

[No. 12,195. Filed May 12, 1926. Rehearing denied November 24, 1926.]

1. STREET RAILROADS.—*Contributory negligence of plaintiff question for the jury.*—Whether plaintiff was guilty of contributory negligence in walking around a pile of sand in a street so near to the street car track that she was struck by a street car was a question for the jury. p. 353.

2. STREET RAILROADS.—Evidence *held* sufficient to sustain a recovery under doctrine of "last clear chance." p. 353.

3. APPEAL.—*Instruction on "last clear chance" held harmless in view of testimony.*—In an action against a street car company for personal injuries to plaintiff by being struck by a street car while walking near the track, an instruction which assumed that the plaintiff was in peril before she was struck by the car and was seen by the motorman in time to make the doctrine of "last clear chance" applicable, *held* harmless in view of motorman's testimony as to what he saw and did. p. 353.

4. APPEAL.—*Instructions on contributory negligence properly refused for omitting element of "last clear chance."*—In an action against a street car company for injuries received while walking near the track, instructions that plaintiff could not recover if guilty of contributory negligence were properly refused where the complaint and the evidence authorized a recovery under the rule of "last clear chance," and that element was omitted. p. 354.

Southern Ind., etc., Electric Co. v. Harrison—85 Ind. App. 350.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by Willie Harrison against the Southern Indiana Gas and Electric Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Woodfin D. Robinson* and *William E. Stillwell,* for appellant.

*John R. Brill, John W. Brady* and *Frank H. Hatfield,* for appellee.

MCMAHAN, J.—Appellee recovered judgment against appellant for personal injuries caused by being struck by one of appellant's cars while being operated in one of the public streets in the city of Evansville.

Appellant contends the verdict is not supported by sufficient evidence and that the court erred in giving and refusing to give certain instructions.

On July 8, 1923, and for some time prior thereto, appellant owned and operated a street railroad on Columbia street in Evansville. A part of the sidewalk on the south side of said street had, prior to said day, been torn out and was on that day undergoing repairs, for which purpose there was deposited in the street between the sidewalk and street car line a pile of sand extending to a point about five feet from the south rail of the car line and the curb a distance of eighteen feet. About 9 p. m. of said day, appellee, together with an escort and a boy, were going east on the sidewalk on the south side of said street. When they reached the place where the sidewalk had been torn out, they stepped off the sidewalk and were walking around the sand pile. The distance from the sidewalk to the street car track was twelve feet six inches. The distance between the sand pile and the south rail of the car line was about five feet. As the parties walked by the sand pile, appellee's escort walked

352    APPELLATE COURT OF INDIANA,

Southern Ind., etc., Electric Co. v. Harrison—85 Ind. App. 350.

ahead, the boy next, and appellee behind the other two. When appellee left the sidewalk to go around the sand pile, she looked to the west and saw a street car coming, and which was then a block west of appellee and the sand pile, and west of the intersection of Fourth avenue and Columbia street. After appellee got into the street to go around the sand pile, she did not again look to the west to observe the approaching street car. She did not stop after she stepped off the sidewalk and neither saw nor heard the car after that and before it struck her. Her escort had gotten past the sand pile and had stepped to one side when the car struck appellee as she was at or near the east end of the sand pile. Her escort was walking about "two steps" ahead of her. The distance the car ran after it struck her is disputed. One witness said it ran more than twice its length before it stopped, while the motorman said the front end of the car was about five feet from her when he stopped the car. Appellee testified she thought when she saw the car coming, and when she started to go around the sand, that she had plenty of time to do so. There is evidence that at that time the car was west of Fourth avenue, and Fourth avenue is 342 feet west of the pile of sand. Appellee's escort testified that when they reached the car line and started to go around the sand pile, he looked to the west and the street car was then west of Fourth avenue, and that it was ninety-four feet from the point where appellee was struck to the front end of the street car when it stopped.

Charles York was the motorman on the car that struck appellee. He testified that he saw appellee when she walked out into the street; that he was then thirty yards from her; kept ringing his gong to attract her attention; there was plenty of room for her to walk between the sand and car if she had noticed what she was doing; if she had walked as far away from the track as she

did when she first began to walk by it don't think she would have been hit by the car; when she got closer to the rail, the car was within ten feet of her; when the car stopped, the front end had passed her five or six feet. On cross-examination, he said: "I saw the plaintiff when I crossed Fourth avenue; they were walking out toward the sand pile; I suppose I was then 300 or 400 feet west of them; they had to walk 12 feet from the pavement to get to the car track; I was going about 2 or 3 miles an hour at Fourth Avenue; I was about ten feet from her when I saw there was danger. Her back was toward me. There was nothing about her conduct or action that I recall which indicated she knew the car was coming." 

Appellant contends the evidence shows, as a matter of law, that appellee was guilty of negligence that proximately contributed to her injury, and that her negligence bars a recovery. In making this contention, appellant ignores the rule of "last clear chance." We are of the opinion that the question as to whether appellee was guilty of contributory negligence was a question of fact for the jury. But if it be conceded that she was negligent, that would not necessarily prevent a recovery. The complaint and the evidence were sufficient to sustain a verdict in her favor under the rule of "last clear chance." Without entering into any further discussion of the evidence and the inferences that a jury might draw therefrom, we hold the evidence ample to sustain the verdict under the "last clear chance" rule.

Appellant complains of instructions Nos. 7 and 8, given at the request of appellee. The objections made to these instructions are that they assume appellee was in peril and that they undertake to apply the doctrine of "last clear chance," when, as appel-

lant contends, the evidence is not such as warrants the application of that doctrine. In view of the evidence of the motorman as to what he saw concerning appellee's actions, and what he did, we are not impressed that appellant was harmed by the statement relating to the motorman's knowledge of her peril. The instructions are not models to follow but the reference to appellee's peril is not sufficient to warrant a reversal under the undisputed testimony of the motorman. The court did not err in instructing the jury as to the doctrine of "last clear chance," and there was no reversible error in giving either of these instructions.

Appellant also complains of the action of the court in refusing to give certain instructions. Each of these instructions was to the effect that appellee could not recover if the jury found she was guilty of contributory negligence. Since each of these instructions omitted the element of "last clear chance," they were for that reason properly refused.

Judgment affirmed.